**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | 2:19-cr-00010-JMS-CMM-1 |
| vs. | ) | |
| | ) | |
| JOSHUA WHEELER, | ) | |
| Defendant | ) | |

**REPORT AND RECOMMENDATION**

On October 14, 2026, the Court held a final hearing on the Petition for Summons/Violation for Offender Under Supervision filed on March 16, 2026 [Dkt. 26]. An initial hearing was held April 7, 2026. Mr. Wheeler ("Defendant") appeared with FCD counsel, Bill Dazey. The Government appeared by Cristina Caraballo-Colon, Assistant United States Attorney on behalf of Nate Waler. U. S. Probation appeared by Officer Jennifer Considine.

The parties advised the Court at the outset of the hearing that a proposed agreement was reached. The defendant previously admitted to Violation Numbers 1, 2 and 3.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. §3583:

1. The defendant was advised that on April 7, 2026, this matter had been referred by the District Judge and that the District Judge has final authority whether to accept, reject, or modify the magistrate judge's recommendation.

2. After being placed under oath, Defendant advised that he consented to the proposed agreement, had sufficient opportunity to consult with counsel, and was satisfied with his representation. Defendant admitted Violations 1, 2 and 3.

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|

1. "You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage."

   On March 6, 2026, Mr. Wheeler submitted a urine drug test that returned positive for amphetamines. Mr. Wheeler admitted he used methamphetamine the day prior.

   Additionally, previously reported to the Court, on September 9, 25, October 7, and November 21, 2025, Mr. Wheeler submitted urine drug tests that returned positive for amphetamines.

2. "You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer."

   On March 5, 2026, Clay County Sheriff's received reports from multiple residents of Lamplight Manor Apartments, in Brazil, Indiana, that a man later identified as Mr. Wheeler was shirtless yelling in the middle of the street outside the apartments. Further he was knocking on doors and trying to be let inside by some of the residents. Deputies arrived at the scene, encountered Mr. Wheeler, and confirmed with him he had engaged in the alleged behavior. Deputies let Mr. Wheeler go with a warning related to his disorderly conduct. Mr. Wheeler did not report this incident to the probation officer.

3. "You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods."

   As previously reported to the Court, on November 21, 2025, Mr. Wheeler reported to the probation office for a drug test. While

submitting the test, the probation office suspected Mr. Wheeler was tampering with the sample. When confronted Mr. Wheeler admitted he attempted to submit synthetic urine to tamper with the sample.

Also previously reported to the Court, on October 6, 2025, Mr. Wheeler reported for a random urine drug test at Counseling Pathways in Terre Haute, Indiana. While submitting the test, Mr. Wheeler admitted to tampering with the sample he provided.

4. The parties stipulated that:

(a) The highest grade of violation is a Grade **B** violation.

(b) Defendant's criminal history category is **V**.

(c) The range of imprisonment applicable upon revocation of supervised release, therefore, is **18-24** months imprisonment.

5. The Magistrate Judge, having considered the factors in 18 U.S.C. §3553(a), and as more fully set forth on the record, finds that:

(a) The Defendant violated the supervised release conditions as alleged in Violations 1, 2 and 3;

(b) Consistent with the parties' agreement, the Magistrate Judge recommends that the defendant be reinstated to a continued term of the originally imposed sentence of supervised release;

(c) That the agreement of the parties is an appropriate resolution of this matter and the agreement is commended to the favorable consideration of the District Judge with the Magistrate Judge's recommendation for sentencing. While the agreement calls for sentence less than the guideline range, the evidence presented at the final hearing demonstrates genuine efforts on the defendant's part to overcome drug addiction. This matter was intentionally held over for six months to extend an opportunity to Mr. Wheeler to seek and complete in-patient rehabilitation. The

probation office reports that his treatment to date has been successful and further that he has complied with the directives of that office. He currently resides in a "sober living" facility at Vincennes. He is employed. All drug screens, including this date, have been clean. The Government, the Probation Office, and defense counsel were united in praise and hope that Mr. Wheeler's accomplishments in the last six months will continue indefinitely.

Defendant shall remain under supervision pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties waived the 14-day objection period to file objections for the consideration of the District Judge.

Dated: October 14, 2026

CRAIG M. McKEE, Magistrate Judge
United States District Court
Southern District of Indiana

Distribution: All ECF-registered counsel of record via email generated by the court's ECF system